IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GERARDO MORIN, #1027818 § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-476 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Gerardo Morin, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 23rd District Court of Brazoria County, Texas on April 19, 2001. Petitioner was convicted of aggravated sexual assault and sentenced to 55 years imprisonment. Petitioner appealed his conviction, and the appellate court upheld it on August 15, 2002. The record shows that Petitioner did not file a Petition for Discretionary Review ("PDR").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires prisoners who desire to file a habeas writ in federal court to do so within one year of the date on which the time for seeking review of the underlying conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner had thirty days from the time the appellate court upheld his conviction to file a PDR. Since that date fell on a Saturday, the AEDPA's limitations period began on Monday, September 16, 2002, and expired 365 days later on September 16, 2003. Petitioner did not file the instant Petition until August 18, 2005.

The statutory period is tolled while a properly-filed writ of habeas corpus is pending in state court. 28 U.S.C. § 2244(d)(2). The record shows, however, that Petitioner did not file a state writ until February 9, 2005, well outside the limitations period. The Court of Criminal Appeals denied it on August 17, 2005, and statutory tolling does not apply.

Having conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Gerardo Morin (Instrument No. 1) be **SUMMARILY DISMISSED as time-barred**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner **SHALL** have until **November 8, 2005,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___19th___ day of October, 2005.

_____
John R. Froeschner
United States Magistrate Judge