IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GERARDO MORIN, #1037818 § | |
| § | |
| v.   § | CIVIL ACTION NO. G-05-476 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

### ORDER

Before the Court is Petitioner's "Motion to Abate Order and File an Out-of-Time Appeal" (hereinafter "Motion to Abate"), which was considered filed on December 28, 2006. (Instrument No. 18). Petitioner brings his Motion to Abate under Rule 60(b) of the Federal Rules of Appellate Procedure.

Rule 60(b) allows a district court to relieve a party from a final judgment for a number of stated grounds, but expressly provides that a motion invoking the limited grounds must be made within a reasonable time not to exceed one year after entry of judgment. Fed. R. App. Proc. 60(b) (West 2006). The Rule also provides that "a motion under this subdivision (b) does not affect the finality of the judgment or suspend its operation." *Id.* Petitioner's motion, filed more than a year after the final judgment in this case being entered on November 4, 2005, is untimely and must be denied.

Notwithstanding that the present Motion is untimely, Petitioner's request must be denied for another reason. The Fifth Circuit has held that a Rule 60(b) motion is not a substitute for a timely appeal, nor can it be used to circumvent the limited relief available under Rule 4(a) or extend the time for appeal. *Dunn v. Cockrell*, 302 F.3d 491, 492-93 (5th Cir. 2002), *cert. denied*, 537 U.S. 1181

(2003); *United States v. O'Neil*, 709 F.2d 361, 372 (5th Cir. 1983).

Petitioner previously sought and was denied relief under Rule 4(a)(6) because his Motion was untimely. Following the denial of his Rule 4(a)(6) motion, Petitioner filed the instant motion. In his Motion to Abate Petitioner clearly seeks only to vacate the judgment and re-enter it under Rule 60(b) so that his appeal will be timely. Petitioner's request squarely collides with Rule 4 and, as such, his Motion to Abate under Rule 60(b) must also be denied on this basis.

Accordingly, for the reasons stated herein, it is **ORDERED** that Petitioner's "Motion to Abate" under Rule 60(b) (Instrument No. 18) is **DENIED**.

**DONE** at Galveston, Texas this 10th day of January, 2007.

_____
Samuel B. Kent
United States District Judge